AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Delaware



FILED

JUL 14 2023

US DISTRICT COURT
DISTRICT OF DELAWARE

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNT
"jenray.shine@gmail.com" AND "shawnnudst@gmail.com" THAT IS
STORED AT PREMISES CONTROLLED BY GOOGLE LLC

)
)
)
)
)

Case No. 23- 315M

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, incorporated herein.

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252A(a)(1) | Transportation of Child Pornography |
| 18 USC 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
/s/ Randy Mullins
*Applicant's signature*

_____
Randy Mullins, Special Agent, United States Air Force
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means).*

Date: July 14, 2023

City and state: _____Wilmington, Delaware_____

_____
*Judge's signature*

_____
Honorable Jennifer L. Hall, U.S. Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

FILED

JUL 1 4 2023

US DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNTS "jenray.shine@gmail.com" AND "shawnnudst@gmail.com" THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC | Case No. 23- 315 M |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION
## FOR A SEARCH WARRANT

I, Randy Mullins, a Special Agent with the United States Air Force Office of Special Investigation ("OSI"), Dover, Delaware, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with Google accounts "jenray.shine@gmail.com" ("TARGET ACCOUNT 1") and "shawnnudst@gmail.com" ("TARGET ACCOUNT 2") (together, the "TARGET ACCOUNTS") that is stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Sections I of Attachment B for the accounts described in Attachment A.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in

1

Section II of Attachment B.

2.      I am a Special Agent ("SA") with OSI and a credentialed federal agent authorized to investigate violations of the Uniform Code of Military Justice, as well as violations of State and Federal laws where a military nexus exists. I have served with OSI since September 2016 and as a Special Agent since January 2019. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program, the United States Air Force Special Investigations Academy, the Sex Crimes Investigations Training Program, and the National Criminal Justice Training Center Undercover Concepts and Techniques.  I graduated from the Community College of the Air Force in 2019, where I received an associate degree in Criminal Justice.  Since joining OSI, I have served in multiple capacities as a Special Agent and have completed tours as a field level Special Agent, protective service officer, counterintelligence Special Agent, and have served in various supervisory roles.

3.      I currently assist the Delaware Internet Crimes Against Children Task Force (the "Delaware ICAC") with investigations where a military nexus exists.  The primary goal of the Delaware ICAC will be to expand the quantity and quality of detection, investigation, apprehension, and prosecution of electronic communications-facilitated crimes against children.

4.      I have experience in numerous investigative disciplines to include child exploitation, child sexual abuse, various adult sex crimes, cyber-based investigations, financial crimes, narcotics investigations, fraud, and espionage.  I have received substantial training related to child exploitation, narcotics trafficking, online undercover operations, interviewing techniques, surveillance and counter-surveillance techniques, and multiple other criminal investigator-related facets.

5.      As a federal agent, I am authorized to investigate violations of laws of the United States,

2

including Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B), and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

6.        The statements contained in this affidavit are based in part on information and reports provided by U.S. federal law enforcement agents and state law enforcement officers; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, independent investigation and analysis by law enforcement agents/analysts and computer forensic professionals, and my experience, training, and background as a Special Agent. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish that there is sufficient probable cause for the requested warrant.

7.        On June 7, 2023 and June 22, 2023, the government obtained search warrants for TARGET ACCOUNT 1 and TARGET ACCOUNT 2, respectively.[1] Mistakenly, the Attachment Bs for those warrants did not include a request for media contained in the TARGET ACCOUNTS. The government thus seeks to issue another warrant to Google, requiring the production of any and all media stored in the TARGET ACCOUNTS as described further in Attachment B.

8.        Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that the TARGET ACCOUNTS contain evidence of violations of Title 18, United States Code, Section 2252A(a)(1) (Transportation of Child Pornography) and Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography) (hereinafter, the "SPECIFIED FEDERAL OFFENSES"). There is also probable cause to search the information

---

[1] Case Nos. 23-258M and 23-297M, respectively.

3

described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## JURISDICTION

9.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## SPECIFIED FEDERAL OFFENSES

10.     As noted above, this investigation concerns alleged violations of the following:

a.      Title 18, United States Code, Sections 2252A(a)(1) prohibits a person from knowingly mailing, transporting, or shipping any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer.

b.      Title 18, United States Code, Sections 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

4

**SUMMARY CONCERNING CHILD PORNOGRAPHY, PERSONS WHO POSSESS
AND COLLECT CHILD PORNOGRAPHY, AND HOW USE OF COMPUTERS AND
THE INTERNET RELATES TO THE POSSESSION, RECEIPT AND/OR
DISTRIBUTION OF CHILD PORNOGRAPHY**

11.     Based on my investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned that individuals who utilize the Internet to view and transport images of child pornography are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals, including the following:

   a.     Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

   b.     Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

   c.     Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

   d.     Likewise, individuals who have a sexual interest in children or images of children

5

often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer or cellphone, and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, or in online storage, email accounts or other online communication accounts, to enable the individual to view the collection, which is valued highly.

e.      Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/collectors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography. This data is typically in digital format, and often maintained on computers, cell phones and in online storage, email accounts or other online communication accounts.

f.      Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been consistently documented by law enforcement officers involved in the investigation of child pornography.

12.    Based on my investigative experience related to computer and internet related child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned the following:

a.      Computers, smartphones, and the internet are all methods used by child pornography collectors and those with an interest in sexual encounters with children to interact with and sexually exploit children.

6

b.      Child pornography can be transferred via electronic mail or through file transfer protocols ("FTP") to anyone with access to a computer and modem.  Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e. "Instant Messaging"), easy access to the internet, and online file sharing and storage, electronic devices are the preferred method of distribution and receipt of child pornographic materials.

c.      The internet affords collectors of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.  Collectors and distributors of child pornography as well as those with an interest in sexual contact with children use online resources to retrieve and store child pornography and to communicate with children, including services offered by internet portals such as AOL Inc., Yahoo!, Google, Inc., Facebook, Dropbox, Instagram, and others.  The online services allow a user to set up an account with a remote computing service that provides email services, file exchange services, messaging services, as well as electronic storage of computer files in a variety of formats.  A user can set up an online storage account from any computer with access to the internet, including (for example) a smart phone.  Email accounts, online storage accounts, and other online communication accounts allow users to save significant amounts of data.

d.      In my recent investigative experience, as well as recent discussions with law enforcement officers, I know the individuals who collect child pornography are using email accounts, online storage accounts, and other online communication accounts to obtain, store, maintain, and trade child pornography with growing frequency, in addition to, or as an alternative to, the use of personal devices.

## **RELEVANT BACKGROUND CONCERNING GOOGLE**[2]

13.      Google is a United States company that offers to the public through its Google Accounts a variety of online services, including cloud storage, which can be accessed through a web browser or mobile applications.

14.      In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

15.      Signing up for a Google Account automatically generates an email address at the domain gmail.com. That email address will be the log-in username for access to the Google Account.

16.      Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

17.      Google integrates its various services to make it easier for Google Accounts to access the full Google suite of services. For example, users accessing their Google Account through their browser can toggle between Google Services via a toolbar displayed on the top of most Google service pages, including Gmail.

---

[2] The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages:  the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

18.      Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

19.      Google offers a cloud-based photo and video storage service called Google Photos. Users can share or receive photos and videos with others. Google Photos can be trained to recognize individuals, places, and objects in photos and videos and automatically tag them for easy retrieval via a search bar. Users have the option to sync their mobile phone or device photos to Google Photos. Google preserves files stored in Google Photos indefinitely, unless the user deletes them.

20.      Google also offers a cloud storage service called Google Drive.  Google Drive is automatically created for each Google Account. Users can store and upload files to Google Drive, including photos, videos, PDFs, and text documents, until they hit the storage limit. Users can set up their personal computer or mobile phone to automatically back up files to their Google Drive Account. In addition, Google Drive allows users to share their stored files and documents with up to 100 people and grant those with access the ability to edit or comment. Google maintains a record of who made changes when to documents edited in Google productivity applications. Documents shared with a user are saved in their Google Drive in a folder called "Shared with me." Google preserves files stored in Google Drive indefinitely, unless the user deletes them.

21.      Based on my training and experience, photos and videos are often created and used in furtherance of criminal activity, including to facilitate the offenses under investigation.  Thus, files connected to a Google Account may provide direct evidence of the offenses under investigation. For example, photographic evidence of the distribution of child pornography may be stored in connection with the Google Account even if erased or inaccessible from the physical device.

22.      Therefore, Google's servers are likely to contain evidence of the crimes under

9

investigation.

## **PROBABLE CAUSE**

23.     On or about May 30, 2023, OSI received a cybertip from the National Center for Missing & Exploited Children ("NCMEC"). This cybertip was initiated by Google and reported that the Google account "jenray.shine@gmail.com" ("TARGET ACCOUNT 1") uploaded 64 files on May 10, 2023, 28 of which Google categorized as containing or displaying apparent child pornography. Also, in the cybertip, Google indicated that "shawnnudst@gmail.com" ("TARGET ACCOUNT 2") was associated with, and the backup email for, TARGET ACCOUNT 1.

24.     Law enforcement was ultimately able to trace the file uploads to Air Force Chief Master Sergeant Paul Michael Wilcox ("Wilcox"), who was stationed at Dover Air Force Base at the time of the cybertip.  Subpoena records further confirmed that the TARGET ACCOUNTS belong to Wilcox.  On June 27, 2023, a grand jury for the District of Delaware charged Wilcox with committing the SPECIFIED FEDERAL OFFENSES.[3] Wilcox has been ordered detained pending trial.

25.     On June 15, 2023, investigators, including myself, executed a search warrant upon WILCOX's residence and person.  WILCOX also consented to an interview with your affiant that same day.  During the interview, WILCOX admitted to using TARGET ACCOUNT 2.  WILCOX admitted that he saw images containing child pornography on his account, TARGET ACCOUNT 2, but stated he could not recall how they got onto his account. He stated that someone else probably sent them to him, that he viewed them, and that they then automatically downloaded to his Google Photos. WILCOX also specifically described two images that had been part of the cybertip. WILCOX stated he deleted the photos from TARGET ACCOUNT 2 in approximately

---

[3] Case No. 23-cr-63-CFC.

April or May 2023 after observing them in the Google Photos account because the individuals depicted in the photos were nude and appeared to be underage. He estimated approximately 25 photos were inappropriate.

26.     On June 7, 2023 and June 22, 2023, your affiant obtained federal search warrants for TARGET ACCOUNTS 1 AND 2, the accounts associated with the cybertip. Google has since responded to both warrants. The search warrant return for TARGET ACCOUNT 1 included the images contained in the cybertip, and your affiant confirmed the presence of child pornography. The search warrant returns for both TARGET ACCOUNTS 1 and 2 also showed an email from May 10, 2023 indicating that TARGET ACCOUNT 2 wanted to share photos with TARGET ACCOUNT 1 through a process called "partner sharing" using Google Photos.  This email was sent shortly before TARGET ACCOUNT 1 uploaded the files containing or displaying apparent child pornography that set off the cybertip.

27.     Because the prior Attachment Bs did not ask for Google Photo and Google Drive data, Google did not provide such data in its returns. However, your affiant is aware from the parallel state investigation that TARGET ACCOUNT 1 actually houses significantly more media files than what was provided in the return, and your affiant believes TARGET ACCOUNT 2 has more media files than what was provided in the return given the statements made by Wilcox regarding his use of Google Photos, *see* paragraph 25.

28.     The government thus seeks to issue a warrant to Google requiring the production of all media files for TARGET ACCOUNT 1 and for TARGET ACCOUNT 2, as described further in Attachment B.

29.     In summary, there is probable cause to believe that the TARGET ACCOUNTS contain evidence of the SPECIFIED FEDERAL OFFENSES. Specifically, WILCOX admitted to viewing

images of apparent child pornography in TARGET ACCOUNT 2's Google Photos with a similar description as those contained in the cybertip and ultimately located within TARGET ACCOUNT 1. Additionally, an email between the TARGET ACCOUNTS sent shortly before TARGET ACCOUNT 1 uploaded the files containing or displaying apparent child pornography indicated TARGET ACCOUNT 2 wanted to share photos with TARGET ACCOUNT 1 through a process called "partner sharing" using Google Photos. Therefore, there is reason to believe that photos, videos, or other media files that are evidence of the SPECIFIED FEDERAL OFFENSES may have been backed up to Google servers.

30.     Further, based on my training and experience and as described above in paragraph 12, supra, I know that individuals who collect child pornography use email accounts, online storage accounts, and other online communication accounts to obtain, store, maintain, and trade child pornography with growing frequency, in addition to, or as an alternative to, the use of personal devices. Thus, information connected to the use of a Google account may provide direct evidence of the offenses under investigation, as well as lead to the discovery of additional evidence.

## CONCLUSION

31.     Based on the foregoing, there is probable cause for this Court to issue the requested

warrant.

32.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required

for the service or execution of this warrant.  The government will execute this warrant by serving

the warrant on Google.  Because the warrant will be served on Google, who will then compile the

requested records at a time convenient to it, reasonable cause exists to permit the execution of the

requested warrant at any time in the day or night.


                                            Respectfully submitted,

                                            */s/ Randy Mullins*
                                            Special Agent Randy Mullins
                                            Air Force Office of Special Investigations


Sworn to me over the telephone and signed by me pursuant to
Fed. R. Crim. P. 4.1 on this ____ day of July, 2023


_____
Honorable Jennifer L. Hall
United States Magistrate Judge


13

## ATTACHMENT A

### Property to be Searched

This warrant applies to information associated with the following Google accounts (the "TARGET ACCOUNTS"), such information being stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043:

- "jenray.shine@gmail.com"
- "shawnnudst@gmail.com"

1

**ATTACHMENT B**

**Particular Things to be Seized**

I.      **Information to be disclosed by Google LLC ("Google")**

To the extent that the information described in Attachment A is within the possession,

custody, or control of Google, regardless of whether such information is located within or outside

of the United States, and including any media, emails, records, files, logs, or information that has

been deleted but is still available to Google, or has been preserved pursuant to a request made

under 18 U.S.C. § 2703(f). The Delaware Internet Crimes Against Children ("ICAC") submitted

a preservation request on or about **May 31, 2023, reference #38504172 or ICAC 23-581**. Google

is required to disclose to the government for each account or identifier listed in Attachment A ("the

Account") the following information, unless otherwise indicated:

1.      The contents of all media associated with the account, located in but not limited to
        Google Photos and Google Drive, including: photos, GIFs, videos, animations,
        collages, icons, or other data uploaded, created, stored, or shared with the account,
        including drafts and deleted records; accounts with access to or which previously
        accessed each record; any location, device, or third-party application data
        associated with each record; and all associated logs of each record, including the
        creation and change history, access logs, and IP addresses.

Google is hereby ordered to disclose the above information to the government **within
fourteen (14) days of issuance of this warrant. Google shall disclose responsive data, if any,
by responding through the LERS portal to randy.mullins@lers.google or by sending to
randy.c.mullins@leo.gov, or the Air Force Office of Special Investigations, 639 Atlantic St,
Dover, Delaware, 19902, ATTN: Special Agent Randy Mullins, using UPS or another courier
service, notwithstanding 18 U.S.C. 2252A or similar statute or code.**

1

## II.  Information to be Seized by Law Enforcement Personnel

All information described above in Section I that constitutes fruits, contraband, evidence, and/or instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(1) (Transportation of Child Pornography) and Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography) (hereinafter, the "SPECIFIED FEDERAL OFFENSES"), including but not limited to information pertaining to the following matters:

Any and all records that relate in any way to the accounts described in Attachment A which is evidence, fruits, and instrumentalities of violations of the SPECIFIED FEDERAL OFFENSES, specifically that relate to the following:

1.  Images, videos and other files depicting the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

2.  Files regarding the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

3.  Files regarding access to and/or interaction with minors, to include the enticement of a minor;

4.  All images taken in furtherance of the SPECIFIED FEDERAL OFFENSES under investigation;

5.  Information, documentation, and records relating to who created, used, accessed, or communicated with the account or identifier, including records about their identities and whereabouts;

6.  Evidence of the times the account or identifier listed on Attachment A was used;

7.  Evidence indicating the account owner's state of mind as it relates to the SPECIFIED FEDERAL OFFENSES under investigation;

8.  All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement; and

9.  Passwords and encryption keys, and other access information that may be necessary to access the account or identifier listed on Attachment A and other associated accounts.

2